# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL WHITE,<br>　　　Plaintiff,<br><br>　　　v.<br><br>CAROL CHAPDELAINE, et al.,<br>　　　Defendants. | No. 3:17-cv-00716 (SRU) |

## INITIAL REVIEW ORDER

Michael White—a prisoner currently incarcerated at the Corrigan-Radgowski Correctional Institution—has filed a civil rights complaint under 42 U.S.C. § 1983 against Warden Carol Chapdelaine, Maintenance Supervisor Clifford, and Lieutenant Rivera.

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants "fair notice" of the claims and grounds upon which they are based, and to demonstrate a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). "[C]onclusory" allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I. Allegations

On July 14, 2014, at MacDougall-Walker Correctional Institution, White was playing basketball during his recreation period. He claims that he severely injured his left ankle due to a hole in the cement in the recreation yard. Officers transported White to the medical department in a wheelchair. White claims that defendants Chapdelaine, Clifford and Rivera failed to maintain the recreation yard and created a risk of injury to him in violation of the Eighth Amendment. He also asserts that the conduct of the defendants constituted the tort of negligence under state law.

II. Discussion

A. <u>Official Capacity Eighth Amendment Claims</u>

White requests compensatory and punitive damages and declaratory relief. To the extent that White seeks monetary damages from the defendants in their official capacities, that claim is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 165–67 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacities); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). I dismiss the Eighth Amendment claim for monetary damages against the defendants in their official capacities pursuant to 28 U.S.C. § 1915A(b)(2).

White asks the court to declare that the conduct of the defendants violated his Eighth Amendment rights. The purpose of the Declaratory Judgment Act is "to enable parties to adjudicate disputes before either side suffers great damage." *In re Combustion Equip. Assocs.*, 838 F.2d 35, 37 (2d Cir. 1988). In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court held that an exception to the Eleventh Amendment's grant of sovereign immunity from suit existed to

permit a plaintiff to sue a state official acting in his or her official capacity for prospective injunctive relief for continuing violations of federal law. *Id.* at 155–56. The exception to Eleventh Amendment immunity, however, "does not permit judgments against state officers declaring that they violated federal law in the *past*." *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 146 (1993) (emphasis added); *Green v. Mansour*, 474 U.S. 64, 68 (1985) ("We have refused to extend the reasoning of *Young* . . . to claims for retrospective relief."); *Ward v. Thomas,* 207 F.3d 114, 119–20 (2d Cir. 2000) (Eleventh Amendment barred retrospective relief in form of declaration that Connecticut violated federal law in the past).

White's request for a declaration that, in July 2014 at MacDougall-Walker Correctional Institution, the defendants violated his federal constitutional rights cannot be properly characterized as "prospective" because White does not allege how such relief would remedy a future constitutional violation by the defendants. *Cf. Green*, 474 U.S. at 68. Thus, White's request for declaratory relief relating to his Eighth Amendment claim does not meet the exception to the Eleventh Amendment immunity set forth in *Ex parte Young*. *See id.*

Absent any request for prospective relief to remedy ongoing violations of federal law, a declaration that the defendants violated White's constitutional rights in the past is barred by the Eleventh Amendment. *See id.* at 73 (if there is "no claimed continuing violation of federal law," then "the issuance of a declaratory judgment . . . [is] prohibited by the Eleventh Amendment"); *Jackson v. Battaglia*, 63 F. Supp. 3d 214, 220–21 (N.D.N.Y. 2014) (dismissing requests for relief seeking an "injunction precluding any 'unlawful conduct alleged within this [c]omplaint at any time in the future' and a declaration that defendants 'have violated' federal law" because they "cannot be properly characterized as 'prospective'" requests for relief). Accordingly, I dismiss

3

White's request for declaratory relief relating to the Eighth Amendment claim. *See* 28 U.S.C. § 1915A(b)(1).

      B.  <u>Eighth Amendment Individual Capacity Claim</u>

White claims that he injured his ankle as a result of the defendants' failure to maintain the recreation yard in a safe condition. He argues that the conduct of the defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment.

The Supreme Court has held that an inmate's conditions of confinement must meet "minimal civilized measures of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). This means that prison officials must "provide for [inmates'] basic human needs—*e.g.*, food, clothing, shelter, medical care, and reasonable safety." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989). To state an Eighth Amendment conditions of confinement claims, an inmate must meet both an objective and subjective requirement. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the deprivation of a "basic human need," such as "food, clothing, shelter, medical care, and reasonable safety" must be "sufficiently serious." *Id.*; *DeShaney*, 489 at 200. Second, the official must have exhibited a "sufficiently culpable state of mind" by acting with "'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at 834. Allegations constituting "mere negligence," however, are not cognizable under section 1983. *See Hayes v. N.Y.C. Dep't of Corrs.*, 84 F.3d 614, 620 (2d Cir. 1996).

White's allegations regarding the defendants' failure to maintain the recreation yard and fix the hole in the cement is a claim of negligent conduct. He makes no allegations of deliberate indifference sufficient to show a culpable state a mind on the part of the defendants. Such a claim of negligent conduct is not cognizable in a section 1983 action. *See Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986) ("[L]ack of care simply does not approach the sort of abusive

government conduct that the Due Process Clause was designed to prevent."); *Poe v. Leonard*, 282 F.3d 123, 145 (2d Cir. 2001) ("[M]ere negligence is insufficient as a matter of law to state a claim under section 1983."). Therefore, I dismiss the Eighth Amendment claims against the defendants in their individual capacities for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

      C.  State Law Negligence Claim

White also contends that the conduct of the defendants constituted negligence under Connecticut law. Because I have dismissed White's federal claim, I decline to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3); *Kolari v. N.Y.– Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). If White wishes to pursue his negligence claim, then he must do so in state court.

**III.**     **Conclusion**

I hereby order that:

(1)    White's Eighth Amendment claim for monetary damages against the defendants in their official capacities is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2); White's Eighth Amendment claim for declaratory relief against the defendants in their official capacities and his Eighth Amendment claim for monetary damages against the defendants in their individual capacities are **DISMISSED** pursuant to 18 U.S.C. § 1915A(b)(1). I decline to exercise

supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Kolari*, 455 F.3d at 122.

If White chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

(2) The Clerk is directed to enter judgment for the defendants and close the case.

So ordered.

Dated at Bridgeport, Connecticut, this 16th day of October 2017.

<u>/s/ STEFAN R. UNDERHILL</u>
Stefan R. Underhill
United States District Judge